UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELBERT L. BROWN<br>1355 New York Ave NE,<br>Washington, DC 20002<br><br>Plaintiff, on behalf of himself and all others similarly situated,<br><br>    v.<br><br>GOVERNMENT OF THE DISTRICT OF COLUMBIA<br><br>SERVE:<br><br>Mayor Muriel Bowser<br>Designee Darlene Fields<br>Civil Litigation Division, Ste 6000 South<br>441 4th Street, NW<br>Washington, DC 20001<br>202-724-6507<br><br>and<br><br>Attorney General Karl Racine<br>Designee Darlene Fields<br>Civil Litigation Division, Ste 6000 South<br>441 4th Street, NW<br>Washington, DC 20001<br>202-724-6507<br><br>Defendant. | Civil Action No.: |

CLASS ACTION

COMPLAINT FOR JUDGMENT AND MONEY DAMAGES AND INJUNCTIVE RELIEF AND EQUITABLE RELIEF AND DECLARATORY RELIEF AND JURY DEMAND

(§ 1983 Civil Rights Claims)

## Introduction

**1.** Elbert Lee Brown on behalf of himself and the Arrest Class and the Prosecution Class (defined below) bring this class action against the Government of the District of Columbia (the "District") for injuries they suffered during the Class Period because the District through the "MPD" (the District of Columbia Metropolitan Police Department) and the District of Columbia Office of the Attorney General ("OAG") arrested Mr. Brown and the other members of the Arrest Class and the District prosecuted Mr. Brown and the other members of the Prosecution Class under the District's unconstitutional "panhandling" statute, D.C. Code § 22-2301 and D.C. Code § 22-2302.

**2.** The arrests injured Mr. Brown and the other members of the Arrest Class by depriving them of their liberty including but not limited to incarceration upon arrest and causing them other damages. It also left them with arrest records.

**3.** The prosecutions injured Mr. Brown and the other members of the Prosecution Class because the OAG initiated a prosecution against Mr. Brown and the other members of the Prosecution Class and they had to defend themselves and they suffered limits on their freedom including but not limited to incarceration and they suffered limits on their freedom including but not limited to incarceration upon arrest and pending disposition of their cases and they suffered other injuries.

## Jurisdiction and Venue

**4.** This Court has original jurisdiction over the § 1983 claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).

**5.** Venue is appropriate in this District. Each of the claims for relief arose in this judicial district and all events described herein occurred in the District of Columbia.

## PARTIES

**6.** Mr. Brown is an adult.

**7.** Mr. Brown is temporarily incarcerated in the DC Jail.

**8.** The District is a municipal corporation capable of being sued under D.C. Code § 1-102.

**9.** During all events described herein, all police officers referred to herein, named or unnamed, unless otherwise specified, were police officers of the District of Columbia Metropolitan Police Department acting within the scope of that employment, in furtherance of the interests of the District of Columbia, and under color of the statutes, ordinances, rules, customs, and usage of the District of Columbia.

## PANHANDLING

**10.** D.C. Code § 22-2301 *et seq.* is the District's panhandling statute even though the statute does not use the term "panhandling."

**11.** The statute makes it a crime to "ask, beg, or solicit alms" in certain specified situations. D.C. Code § 22-2302(a) – (h).

**12.** The definition section of the statute at D.C. Code § 22-2301(2) defines "ask, beg, or solicit alms" in all of these situations as including "the spoken, written, or printed word or such other act conducted for the purpose of obtaining an **immediate donation** of money or thing of value." (emphasis added).

**13.**   D.C. Code § 22-2301(1)(A) to (D) of the definition section of the statute makes "aggressive manner" a defined term.

**14.**   D.C. Code § 22-2302(a) specifically makes "aggressive" panhandling a separate offense.

**15.**   D.C. Code § 22-2302(d) makes panhandling someone in a "motor vehicle that is in traffic on a public street" a separate offense.

**16.**   The statute is not limited to a particular geographic section or sections of the District.

### DETAILS OF PLAINTIFF'S ARREST AND RELEASE, AND PROSECUTION

**17.**   On 9/4/2014 at about 8:00 pm Mr. Brown was arrested by an officer of the MPD near 100 M Street NW in Washington, DC for two separate panhandling offenses based on two separate events: charge # 1, Panhandling - Motor Vehicle on Street (D.C. Code § 22-2302(d)) and charge # 2, Panhandling – Aggressive (D.C. Code § 22-2302(a)).

**18.**   Under D.C. Code § 22-2302 the penalty for each of these offenses is a maximum of 90 days in jail or a fine.

**19.**   Mr. Brown's contact with MPD began at about 7:15 pm on 9/4/2014 when according to the arresting officer he saw Mr. Brown was walking up and down in the middle of the street panhandling occupants and operators of cars in an aggressive manner asking them to put money in a white plastic cup he was holding.

**20.**   The arresting officer wrote in his <u>Gerstein</u> that he told Mr. Brown to stop panhandling and Mr. Brown did stop for a while.

**21.**   The arresting officer wrote in his <u>Gerstein</u> that he came back about half an hour later and Mr. Brown was again walking up and down in the middle of the street panhandling occupants and

operators of cars in an aggressive manner asking them to put money in a white plastic cup he was holding.

22.  The arresting officer wrote in his <u>Gerstein</u> that Mr. Brown on this second occasion was stopping motorists to beg from them by knocking on their windows and thereby impeding the flow of traffic.

23.  The arresting officer arrested Mr. Brown for aggressive panhandling from one motorist and panhandling from another motorist

### Mr. Brown at the Station

24.  The MPD officer then transported Mr. Brown to the 1st District station arriving there about 8:30 pm.

25.  Mr. Brown was fingerprinted and placed in a holding cell with other persons.

26.  At some point Mr. Brown was transported to Superior Court for presentment the next day.

### Mr. Brown charged and prosecuted; case DWIP'ed

27.  Mr. Brown was charged by an information sworn out on 9/5/2014 by an officer of the District of Columbia OAG for two separate panhandling offenses based on two separate events: charge # 1, Panhandling - Motor Vehicle on Street (D.C. Code § 22-2302(d)) and charge # 2, Panhandling – Aggressive (D.C. Code § 22-2302(a)).

28.  On 9/5/2014 Mr. Brown appeared at Superior Court at about 1:00 pm for arraignment on the two panhandling charges.

29.  He pled not guilty and he was released on PR pending trial.

**30.** After his initial release Mr. Brown was held without bond in the case from 9/20/2014 until 10/1/2014.

**31.** On 10/1/2014 Mr. Brown pled guilty to charge # 1 and the government dismissed charge # 2.

## THE PANHANDLING STATUTE IS FACIALLY UNCONSTITUTIONAL UNDER THE 1ST AMENDMENT

**32.** Regulation of speech is "content based" if a law applies to particular speech because of the topic discussed or the idea or message expressed.

**33.** Such a statute "must be narrowly tailored to promote a compelling Government interest," such that no "less restrictive alternative would serve the Government's purpose."

**34.** The definition section of the statute at D.C. Code § 22-2301(2) defines "Ask, beg, or solicit alms" in all of its applications as including "the spoken, written, or printed word or such other act conducted for the purpose of obtaining an **immediate donation** of money or thing of value." (emphasis added).

**35.** Barring requests for money now but not regulating requests for money later is a form of content discrimination.

**36.** A law that is content based on its face is subject to strict scrutiny regardless of the government's benign motive, content-neutral justification, or lack of animus toward the ideas contained in the regulated speech.

**37.** A speech regulation targeted at specific subject matter is content based even if it does not discriminate among viewpoints within that subject matter.

CLASS ACTION COMPLAINT • BROWN V. DISTRICT OF COLUMBIA

**38.** The panhandling statute violates the First Amendment because it is not "narrowly tailored to promote a compelling Government interest," and there are "less restrictive alternatives that would serve the Government's purpose."

## SUBSTANTIVE ALLEGATIONS FOR CLAIMS

### Claim 1

### § 1983 Liability of District of Columbia under the First Amendment

**39.** Mr. Brown adopts by reference the contents of the preceding paragraphs as if fully set forth herein.

**40.** Barring oral requests for money now but not regulating requests for money later as the panhandling statute does is a form of content discrimination.

**41.** The panhandling statute therefore violates the First Amendment because it is not "narrowly tailored to promote a compelling Government interest," and there are "less restrictive alternatives that would serve the Government's purpose."

**42.** The panhandling statute is a policy of the District of Columbia.

**43.** The District's enforcement of the panhandling statute against Mr. Brown and the other members of the classes described below injured Mr. Brown and the other members of the classes by subjecting them to arrest, prosecution, and loss of liberty.

**44.** Accordingly, Mr. Brown and the other members of the Arrest Class and the Prosecution Class are entitled to damages and other relief as set forth below.

## RULE 23 CLASS ALLEGATIONS

**45.** Mr. Brown on behalf of himself and the Arrest Class bring this action under Rules 23(a), 23(b) (2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of a class consisting of each person who: (i) in the period beginning three years before the date of filing of the original complaint in this case and going forward until the case is terminated; (ii) was arrested for a violation of the panhandling statute.

**46.** Mr. Brown on behalf of himself and the other members of the Prosecution Class bring this action under Rules 23(a), 23(b) (2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of a class consisting of each person who: (i) in the period beginning three years before the date of filing of the original complaint in this case and going forward until the case is terminated; (ii) was prosecuted for a violation of the panhandling statute.

**47.** Certification of these classes under Federal Rule of Civil Procedure 23(b)(2) is appropriate, because the District of Columbia has a policy, pattern, and practice for each claim that has uniformly affected all members the class, and injunctive relief and declaratory judgment and a judgment against the District will benefit each and every plaintiff and class member.

**48.** Mr. Brown and the classes are entitled to injunctive relief including an injunction prohibiting enforcement of the panhandling statute and sealing of the arrest records of class members for their arrests under the panhandling statute.

**49.** Mr. Brown and the classes are entitled to declaratory judgment against the District that D.C. Code § 22-2301(2) is facially unconstitutional and their arrests on those charges are a nullity.

**50.** Certification of these classes under Federal Rule of Civil Procedure 23(b)(3) is also appropriate, in that common questions of law and fact predominate over any individual questions,

and class action treatment is superior for the fair and efficient adjudication of these class claims as detailed below.

**51.** Mr. Brown and the classes are entitled to monetary relief.

**52.** Regarding Mr. Brown and these classes, there are no individual questions on the issue of liability, because all members of these classes are injured by the same policy and practices.

**53.** Among the questions of law and fact common to the classes are:

    **a)** whether criminalizing requests for money now but not regulating requests for money later is a form of content discrimination;

    **b)** whether the panhandling statute D.C. Code § 22-2301 *et seq.* is facially unconstitutional under the First Amendment as a form of discriminatory content discrimination;

    **c)** whether the panhandling statute D.C. Code § 22-2301 *et seq.* is narrowly tailored to promote a compelling Government interest," such that no "less restrictive alternative would serve the Government's purpose."

    **d)** whether the District violates the First Amendment by arresting someone under the panhandling statute;

    **e)** whether the District violates the First Amendment by prosecuting someone under the panhandling statute;

    **f)** whether plaintiffs and the members of the classes and future members are entitled to equitable relief, and, if so, what is the nature of that relief;

    **g)** whether determination of damages suffered by the class can be awarded by a jury setting a damages matrix for determination of all class members' damages;

    h)    whether class members are entitled to "general" damages for arrest and detention; and

    i)    whether determination of damages suffered by a statistically representative sample of the class provides the basis for determination of all class members' damages.

**54.** Each of the Arrest Class and the Prosecution Class is so numerous that joinder of all members is impracticable. The exact number of the members Arrest Class and the Prosecution Class members is unknown to Mr. Brown at this time but the number of persons arrested and the number of persons prosecuted for panhandling each year numbers at least 50.

**55.** Mr. Brown's single claim is typical of the claims of the other members of the Arrest Class and the Prosecution Class, because Mr. Brown and all other members of the Arrest Class and the Prosecution Class were injured by exactly the same means, the unconstitutionality of the panhandling statute.

**56.** Mr. Brown on behalf of himself and the other members of the Arrest Class and the Prosecution Class will fairly and adequately protect the interests of the members of the Classes and he has retained counsel who is competent and experienced in complex federal civil rights class action litigation.

**57.** Mr. Brown on behalf of himself and the Arrest Class and the Prosecution Class has no interests that are contrary to or in conflict with those of the Classes.

CLASS RELIEF DEMANDS

Mr. Brown on behalf of himself and all other members of the Arrest Class and the Prosecution Class respectfully request that this Court grant the following relief:

**A.**    Enter judgment in their favor on all of their claims;

**B.**         Declare the panhandling statute under D.C. Code § 22-2301(2) unconstitutional under the First Amendment and enjoin the District from implementing any provision of D.C. Code § 22-2301 *et seq.*

**C.**         Award Mr. Brown and the putative class members' nominal damages in connection with any declaration that D.C. Code § 22-2301(2) is unconstitutional or overbroad.

**D.**         Grant a jury trial on all claims so triable.

**E.**         Declare that this action may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) and certifying the Arrest Class and the Prosecution Class, and designating Mr. Brown as the proper representatives of the Arrest Class, and designating Mr. Brown as the proper representatives of the Prosecution Class, and appointing William Claiborne and Joseph Scrofano as class counsel of both classes.

**F.**         Declare that this action may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23(a), 23(b) (2) and 23(b)(3).

**G.**         Award all the Arrest Class and the Prosecution Class plaintiffs and class members injunctive relief in the form of sealing their arrest records for incommoding and declaring the arrests a nullity;

**H.**         Award all plaintiffs and class members compensatory and consequential damages in an amount to be determined at trial;

**I.**         Award plaintiffs attorneys' fees and costs incurred in bringing this action under 42 U.S.C. § 1988 or as determined under the "common fund" rule; and

**J.**         Grant such other relief as this Court deems just and proper.

| | |
|---|---|
| Respectfully submitted,<br><br>/s/ William Claiborne<br>WILLIAM CLAIBORNE<br>D.C. Bar # 446579<br><br>Counsel for Mr. Brown on behalf of himself and the putative class members<br><br>2020 Pennsylvania Ave., N.W<br>Suite 395<br>Washington, DC 20006<br>Phone 202/824-0700<br>Email claibornelaw@gmail.com | Respectfully submitted,<br><br>/s/ Joseph A. Scrofano<br>Joseph A. Scrofano<br>D.C. Bar # 994083<br><br>Counsel for Mr. Brown on behalf of himself and the putative class members<br><br>406 5th Street NW<br>Suite 100<br>Washington, DC 20001<br>Phone (202) 870-0889<br>Email jas@scrofanolaw.com |

## JURY DEMAND

Plaintiffs demand a jury of six as to all claims so triable.

/s/William Claiborne
WILLIAM CLAIBORNE
D.C. Bar # 446579
Counsel for Plaintiff and the Classes