# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELBERT BROWN,** *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **GOVERNMENT OF THE DISTRICT OF COLUMBIA,** <br><br> **Defendant.** | **Civil Action No. 15-01380 (KBJ)** |

## JOINT STATUS REPORT

As directed by the Court's September 26, 2019 Minute Order, the Parties submit this Joint Status Report.

### Plaintiffs' Position

Plaintiffs propose that the Court vacate the stay and set a Scheduling Conference for January 15, 2020, or during the period February 5 to February 14, 2010.

The motion for preliminary injunction in the related case of *Burke v. Wiedefeld*, Civil Action No. 19-3145 will not finally dispose of the only issue common to both the Burke case and this case – whether the definition of "panhandling" in the "panhandling" statute is content-based.[1] Moreover, the Burke motion will turn on issues that WMATA disputes and the District conceded in Brown, *e.g.*, whether panhandling is protected First Amendment speech. Finally, the

---

[1] In the related case of *Burke v. Wiedefeld*, Civil Action No. 19-3145, Mr. Burke challenges WMATA's arrest of Mr. Burke for panhandling on two independent grounds: Claim One, the "panhandling" (D.C. Code § 22-2302) statute is unconstitutional because it is a content-based regulation of protected speech that does not survive strict scrutiny; and alternatively, Claim Two, the arrests violate the First Amendment even if the statute does not apply because of the McFarlin case discussed below.

Burke motion for preliminary injunction may turn on the WMATA Use Regulations rather than on the panhandling statute. Therefore, Plaintiffs believe that it will be inefficient to wait for a decision on the preliminary injunction motion in Burke before moving forward in this case or to otherwise let this case trail the Burke case.

## I. Plaintiffs' Proposal

For the reasons explained below, Plaintiffs propose the following:

- Vacate stay immediately;

- Parties continue to mediate informally as before;

- Plaintiffs file (after stay is lifted, or after certification decision) a motion for partial summary judgment solely on the legal issue of whether the definitional section of the panhandling statute is content based;[2]

- Plaintiffs file a motion for preliminary injunction on either the "aggressive panhandling" or "panhandling from a vehicle in a motor way" sections of the panhandling statute or both (but not panhandling in a Metro Station because (1) the McFarlin case; and (2) the MPD do not make arrests for panhandling in a Metro Station);

- Parties meet and confer and file a meet and confer statement, with Scheduling Conference on January 15, 2020, or during the period February 5 to February 14, 2020;

- Plaintiffs promptly file motion for class action treatment;[3]

---

[2] Rule 56(a) explicitly provides that a party "may move for summary judgment identifying … the *part* of each claim or defense … on which summary judgment is sought." 11 Moore's Federal Practice - Civil § 56.122 (2019) (quoting Fed. R. Civ. P. 56(a) (emphasis added)). This language was added to the rule in 2010 to make clear that summary judgment may be requested not only as to an entire case, or as to a complete claim or defense, but also as to parts of claims or defenses. Fed. R. Civ. P. 56, advisory committee note of 2010 ("The first sentence [of subdivision (a)] is added to make clear at the beginning that summary judgment may be requested … as to … part of a claim or defense.").

[3] Whether Plaintiffs' file the partial motion for summary judgment on whether the statute is content-based or the motion for class action treatment first depends on whether the parties can agree on the "once-way intervention" aspect of filing a motion for summary judgment before certification. *See e.g.*, Postow v. OBA Fed. Sav. & Loan Ass'n., 627 F.2d 1370, 1382 (D.C. Cir. 1980); *see also* Brown v. Colegio, 613 F.3d 44 (1st Circuit 2010) (accord).

> Parties can file motion/ cross motion for summary judgment on the issue of whether the District satisfies strict scrutiny for each section of panhandling statute Plaintiffs challenge;

There is no need for this case to trail the <u>Burke</u> case for the reasons stated below including the only real overlap in the two cases is the panhandling in a Metro Station section, and (1) the District does not enforce that section, (2) the preliminary injunction motion in the <u>Burke</u> case may turn on WMATA's Use Regulations rather than the panhandling statute, and (3) whereas WMATA challenged whether panhandling is First Amendment protected speech, and whether the above ground areas of the Metro Stations are public forums, the District conceded that panhandling is protected First Amendment speech, and the District conceded that the areas where aggressive panhandling and panhandling in a motor way are enforced are public forums.

## II.     This case does not need to trail Burke because the issues are different.

The elements of Plaintiffs' claims drive Plaintiffs' proposal.

Plaintiffs challenge three different sections of the District' panhandling statute: (1) aggressive panhandling under D.C. Code § 22-2302(a); (2) panhandling motor vehicle in a roadway, D.C. Code § 22-2302(d); panhandling in a Metro station statute, D.C. Code § 22-2302(b) (as interpreted by <u>McFarlin v. District of Columbia</u>, 681 A.2d 440 (D.C. 1996)). The same definition of "panhandling" ("[a]sk, beg, or solicit alms") in D.C. Code § 22-2301(2) applies to each of these sections. Plaintiffs contend the definition of "[a]sk, beg, or solicit alms" in D.C. Code § 22-2301(2) is content based for two reasons: (1) it criminalizes requests for immediate donations, but not requests for donations later; and (2) it singles out the topic or subject matter of soliciting alms for oneself but not other forms of speech or charitable donations or other forms of donations. 5th Amended Complaint ("5th Am. Cmpl.") [61], ¶¶ 153 to 155; Plaintiffs Opposition to District's motion to dismiss [64], pp. 14-15 (ECF pagination).

14

Under the applicable law, if this Court finds that the definitional section applicable to each of the three sections Plaintiffs challenge is "content-based," the burden shifts to the District to justify the content-based regulation on speech under "strict scrutiny." <u>Reed v. Town of Gilbert, Ariz.</u>, 135 S. Ct. 2218, 2226 (2015)*;* <u>Pursuing America's Greatness v. FEC</u>, 831 F.3d 500, 508-09 (D.C. Cir. 2016)(if a law, by its terms, discriminates based on content, court applies strict scrutiny "regardless of the government's benign motive, content-neutral justification, or lack of 'animus toward the ideas contained' in the regulated speech." (*quoting* <u>Reed</u>)). A finding that a statute is content-based is, as a practical matter, usually dispositive of liability. *Id.*

The question of whether a statute is content-based is a question of law. *Id.*

Presumably, although the same definitional section applies to each of the three sections and the test for whether it is a content-based regulation of speech applies equally to each of the three sections, the justification for each of the three sections under the "strict scrutiny" analysis is different. So, unless the District is willing to concede that the "strict scrutiny" analysis for "panhandling in a Metro Station" is the same analysis for "aggressive panhandling" and "panhandling from a vehicle in a motor way," then resolution of whether the justification for "panhandling in a Metro Station" satisfies strict scrutiny will not resolve the issue of whether the justification for "aggressive panhandling" whether the justification for "panhandling in a motor way" satisfies strict scrutiny.

This case is different from <u>Burke</u> for several other reasons:

(1) It is not clear whether this Court will resolve the preliminary injunction in <u>Burke</u> on the basis of the panhandling statute given that the <u>McFarlin</u> Court interpreted the "panhandling in a Metro Station" provision to apply only inside of the <u>McFarlin</u> Zones, and Mr. Burke panhandles only outside of the <u>McFarlin</u> Zones. Mr. Burke also alleged that WMATA's arrests of Mr. Burke violated his First Amendment rights apart from the panhandling statute, Complaint [1], Claim 2, and the Court may

14

>   resolve the motion on the basis of whether WMATA's Use Regulations violate the First Amendment;
> 
> (2) In <u>Burke</u> WMATA challenged almost every element of Mr. Burke's claim, For example, WMATA challenged whether the First Amendment even applies to panhandling, Opposition [10], p. 16 *et seq.* (ECF pagination), and WMATA challenged whether the above ground areas of the Smithsonian and L'Enfant Plaza Metro Stations are public forums under WMATA's new Use Regulations, *Id.* at 20. In contrast, the District has conceded from the start of this case that panhandling is protected First Amendment speech, *see e.g.*, Motion to dismiss 5th Am. Cmpl., [63] p. 15 (ECF pagination), and the District has always conceded that "aggressive panhandling" and "panhandling from a car in the motorway" take place in public forums, *Id.* at 17 (Sections 22-2302(a) (aggressive panhandling) and (d) (panhandling from a vehicle in a motor way) apply to public forums). There's no reason for this case to trail <u>Burke</u> on the applicability of the First Amendment since the District has conceded the issue. Similarly, there is no reason for this case to trail <u>Burke</u> since the District conceded that "aggressive panhandling" and "panhandling from a car in the motorway" take place in public forums, and this issue not part of the case in <u>Burke</u>.
> 
> (3) WMATA challenges whether the <u>McFarlin</u> Court's interpretation applies to it, Opposition [1], p. 24 n. 9, whereas the District aggressively relies on <u>McFarlin, Motion</u> [63] at 16. Therefore there is no reason for this case to trail <u>Burke</u> while the applicability of <u>McFarlin</u> to WMATA gets sorted.

Finally, even if this Court rules in favor of Mr. Burke and WMATA appeals, the pendency of that appeal would not automatically justify a stay of the litigation in <u>Burke</u>.

These two cases are related cases and Mr. Burke plans to file a motion for summary judgment in <u>Burke</u> on the sole issue of whether as a matter of law the definitional section of the panhandling is content-based perhaps at the same time as Plaintiffs file their motion for partial summary judgment in <u>Brown</u>. Plaintiffs submit that a better plan is to coordinate the two motions for partial summary judgment on the single issue that is dispositive in both cases rather than letting <u>Brown</u> trail <u>Burke</u>, because <u>Burke</u> raises so many issues which are not disputed issues in <u>Brown</u>.

**Defendant's Position**

The District of Columbia (the District) believes that the Court should maintain the stay in this case pending this Court's resolution of the motion for a preliminary injunction (Motion) in *Burke v. Wiedefeld*, Civil Action No. 19-3145. That case challenges the Washington Metropolitan Area Transit Authority's (WMATA's) enforcement of the same statute at issue in this litigation, D.C. Code § 22-2302 (the "panhandling statute"). The Court's resolution of the *Burke* Motion (and any potential appeal) may affect the posture of this case, clarify the issues that need to be litigated (including whether plaintiffs intend to move for a preliminary injunction in this matter), and inform the District's position on further settlement negotiations. As such, judicial economy favors maintaining the stay to avoid potentially duplicative proceedings. The Court should require the Parties to submit a further status report within one week of resolving the *Burke* Motion, detailing how they believe the outcome of that Motion affects this proceeding and their proposal(s) for next steps in this litigation.

To the extent the Court determines not to maintain the stay in this litigation, the schedule proposed by plaintiffs is impractical and inefficient for the following reasons. First, the Court cannot grant summary judgment on a non-dispositive issue, and whether the panhandling statute is a content-based restriction on speech does not resolve the constitutionality of the statute. As such, any briefing on summary judgment should encompass all issues related to the constitutionality of the statute. Second, it is inefficient for the Court to consider summary judgment briefing if plaintiffs intend to move for a preliminary injunction, as the Court would need to consider that motion first. Third, the Parties have not yet discussed whether the Court should first resolve the constitutionality of the panhandling statute on summary judgment before considering issues of class certification (issues that would be rendered moot if the Court finds the

14

statute constitutional). As such, in the event the Court decides to lift the stay, it should provide the Parties with a reasonable time in which to confer regarding the schedule for discovery and any further dispositive motions briefing and to submit a proposed scheduling order to the Court.

Dated:  January 2, 2020.                                      Respectfully submitted,

/s/ William Claiborne                                         KARL A. RACINE
WILLIAM CLAIBORNE [446579]                                    Attorney General for the District of Columbia
ClaiborneLaw
717 D Street, N.W.                                            TONI MICHELLE JACKSON
Suite 300                                                     Deputy Attorney General
Washington, D.C. 20004                                        Public Interest Division
(202) 824-0700
clairbornelaw@gmail.com                                       /s/ Fernando Amarillas
                                                              FERNANDO AMARILLAS [974858]
*Counsel for Plaintiffs*                                      Chief, Equity Section

                                                              /s/ Gregory M. Cumming
                                                              GREGORY M. CUMMING [1018173]
                                                              MICAH BLUMING [1618961]
                                                              Assistant Attorneys General
                                                              441 Fourth Street, N.W., Suite 630 South
                                                              Washington, D.C. 20001
                                                              (202) 724-6627
                                                              (202) 715-7769
                                                              gregory.cumming@dc.gov

                                                              *Counsel for Defendant*