UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELBERT BROWN, *et al.*, <br><br> On behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GOVERNMENT OF THE DISTRICT OF COLUMBIA, <br><br> Defendant. | Civil Action No: 15-01380 (KBJ) |

PLAINTIFFS' MOTION TO VACATE STAY

Plaintiffs move this Court to vacate the stay in this case which this Court imposed by Minute Order entered 7/26/2019, Minute Order entered 7/26/2019, and allowed to remain in effect by Minute Order entered 1/09/2020.

The original basis of the stay – to "discuss the possibility of settlement" – is no longer valid because the District is no longer interested in discussing settling this case while *Burke v. Wiedefeld*, Civil Action No. 19-3145 (KJB) is pending even though this case is the first filed case.

Moreover, the District's continuing to enforce the statute, Ps. Ex. # 1 to 3 (Declaration of investigator Sophie Vick with attachments), while enjoying the benefit of a stay is inconsistent with equity principles. *Nat'l Indus. for the Blind*, 296 F. Supp. 3d at 140 ("What the VA cannot do, consistent with equity principles, is to both opt to implement the policy that is allegedly harmful to Plaintiffs and simultaneously seek an indefinite delay of the proceedings that Plaintiffs have brought to challenge the policy—at least without good reason.").

Page 1

Defendant has never met its burden of showing a clear case of hardship or inequity if this case moves forward. *Nat'l Indus. for the Blind*, 296 F. Supp. 3d at 140. This is the first filed case and rather than allowing this case to trail *Burke, Burke* should trail this case. *Id.*

Plaintiffs believe the most efficient way to resolve this case is for the Court to vacate the stay so Plaintiffs can file a motion for partial summary judgment solely on the legal issue of whether the definitional section of the panhandling statute is content based. Resolution of this issue would return the parties to a settlement posture.

Filing a motion for preliminary injunction is not practical in this case because (1) based on data provided by the District and publically published police reports and consultation with citizens and the CJA Bar the MPD does not make arrests for panhandling outside the McFarlin zones; and (2) a movant challenging the "aggressive panhandling" or "panhandling from a vehicle in a motor way" sections of the panhandling statute would have to concede guilt of the criminal offense predicate forming the basis of the "aggressive panhandling" or "panhandling from a vehicle in a motor way" sections of the panhandling statute.

**Consent sought but not obtained.**

Pursuant to LCvR 7(m) Plaintiffs' counsel through opposing counsel sought defendant's consent to the motion but the defendant did not consent.

### I. Background

On 7/26/2019, after this Court issued its order denying defendant's motion to dismiss, defendant District of Columbia filed a consent motion to stay the case for 60 days to "discuss the possibility of settlement." Defendant's Consent Motion to Stay Litigation ("Def.'s Mot.") [75], p. 1. Plaintiffs consented to the stay to try to resolve the case.

The parties reported in a Joint Status Report [78] filed 1/02/2020 they had held discussions held discussions and the District had provided some discovery.

By Minute Order docketed 1/9/2020 this Court ruled that this matter remains stayed, and that on or before 4/8/2020, the parties shall file a further joint status report that details the parties' efforts and progress to date with respect to settlement, and states the parties' positions regarding continuing the stay in light of any intervening developments in *Burke v. Wiedfeld*.

In their status report Plaintiffs proposed that the Court vacate the stay and set a Scheduling Conference for some time in the following two weeks.

MPD arrest reports collected from MPD online sources for Mr. Burke show that the MPD has never stopped making arrests.

The Court has not ruled on Mr. Burke's motion for preliminary injunction in *Burke v. Wiedefeld*, Civil Action No. 19-3145 (KJB).

This case remains stayed.

### II. Defendant has not met its burden of showing a clear case of hardship or inequity if this case moves forward.

A stay is an extraordinary remedy granted only in "rare circumstances." *Nat'l Indus. for the Blind v. VA*, 2017 U.S. Dist. LEXIS 184251, *13 (D.D.C. November 7, 2017).

A court will not grant a stay unless it results in significant savings in judicial economy and the movant makes out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which the movant prays will work damage to someone else. *Id.*

A stay in this case would not achieve either of these two goals. *See e.g., Univ. of Colo. Health at Mem'l Hosp. v. Burwell*, 233 F. Supp. 3d 69, 88 (D.D.C. 2017) *citing* Wright and Miller § 4433 p. 94 (2003)( if "the second action presents claims or issues that must be tried regardless of the outcome of the first action," this cuts against a stay).

The original basis of the stay – settlement of the case – is no longer valid because the District is no longer interested in settling this case because of *Burke v. Wiedefeld*, Civil Action No. 19-3145 (KJB).

The District's continuing to enforce the statute causes a significant injury to class members and citizens by causing a risk of injury to class members and citizens that their constitutional rights will be trampled by arrest or prosecution under an unconstitutional statute. Continuing to enforce the statute also chills the exercise of their First Amendment rights. *Nat'l Indus. for the Blind v. VA*, 296 F. Supp. 3d 131, 140 (D.D.C. 2017).

Moreover, the District's continuing to enforce the statute while enjoying the benefit of a stay is inconsistent with equity principles. *Nat'l Indus. for the Blind*, 296 F. Supp. 3d at 140 ("What the VA cannot do, consistent with equity principles, is to both opt to implement the policy that is allegedly harmful to Plaintiffs and simultaneously seek an indefinite delay of the proceedings that Plaintiffs have brought to challenge the policy—at least without good reason."); Ps. Ex. # 1 to 3 (Declaration of investigator Sophie Vick with attachments).

Defendant has never met its burden of showing a clear case of hardship or inequity if this case moves forward. *Nat'l Indus. for the Blind*, 296 F. Supp. 3d at 140. Defendants do not even hint at any true hardship that they would have the potential of facing in the absence of a stay of the instant proceedings. *Id.* at 141. The District has never justified the stay on any other grounds including issues arising in *Burke v. Wiedefeld*, Civil Action No. 19-3145 (KJB). It is the District's burden to justify the stay if it contends that *Burke v. Wiedefeld* justifies a stay of this case.

Nor has the District established that continuing the stay of the instant proceedings would conserve judicial resources. *Nat'l Indus. for the Blind*, 296 F. Supp. 3d at 140. This is the first filed case and the balance of hardships weighs heavily in favor of proceeding with the instant case.

This is the first filed case and rather than allowing this case to trail *Burke*, *Burke* should trail this case. Allowing this case to trail *Burke* had some merit when there was a chance that the issue of arresting for people for panhandling outside of the *McFarlin* zones might be resolved quickly. But the issue in *Burke* is only a small part of the many issues in *Elbert Brown*. Moreover, a ruling on a motion for preliminary injunction would not be a merits issue it would only be a ruling on Mr. Burke's likelihood of success.

There is no need for this case to trail the <u>Burke</u> case for the reasons stated below including the only real overlap in the two cases is the panhandling in a Metro Station section, and (1) the District does not enforce that section, (2) the preliminary injunction motion in the <u>Burke</u> case has not been resolved after several months, and (3) whereas WMATA challenged whether panhandling is First Amendment protected speech, and whether the above ground areas of the Metro Stations are public forums, the District conceded that panhandling is protected First Amendment speech, and the District conceded that the areas where aggressive panhandling and panhandling in a motor way are enforced are public forums.

### III. Plaintiffs' Proposal going forward if stay vacated.

**A. Plaintiffs proposal going forward if stay vacated.**

For the reasons explained below, Plaintiffs propose the following:

Vacate stay immediately;

Parties continue to mediate informally as before;

Plaintiffs file (after stay is lifted, or after certification decision) a motion for partial summary judgment solely on the legal issue of whether the definitional section of the panhandling statute is content based;

Parties meet and confer and file a meet and confer statement;

Plaintiffs promptly file motion for class action treatment;

Parties can file motion/ cross motion for summary judgment on the issue of whether the District satisfies strict scrutiny for each section of panhandling statute Plaintiffs challenge.

### B. The elements of Plaintiffs' claims drive Plaintiffs' proposal.

Plaintiffs challenge three different sections of the District' panhandling statute: (1) aggressive panhandling under D.C. Code § 22-2302(a); (2) panhandling motor vehicle in a roadway, D.C. Code § 22-2302(d); panhandling in a Metro station statute, D.C. Code § 22-2302(b) (as interpreted by McFarlin v. District of Columbia, 681 A.2d 440 (D.C. 1996)). The same definition of "panhandling" ("[a]sk, beg, or solicit alms") in D.C. Code § 22-2301(2) applies to each of these sections. Plaintiffs contend the definition of "[a]sk, beg, or solicit alms" in D.C. Code § 22-2301(2) is content based for two reasons: (1) it criminalizes requests for immediate donations, but not requests for donations later; and (2) it singles out the topic or subject matter of soliciting alms for oneself but not other forms of speech or charitable donations or other forms of donations. 5th Amended Complaint ("5th Am. Compl.") [61], ¶¶ 153 to 155; Plaintiffs Opposition to District's motion to dismiss [64], pp. 14-15 (ECF pagination).

Under the applicable law, if this Court finds that the definitional section applicable to each of the three sections Plaintiffs challenge is "content-based," the burden shifts to the District to justify the content-based regulation on speech under "strict scrutiny." Reed v. Town of Gilbert, Ariz., 135 S. Ct. 2218, 2226 (2015); Pursuing America's Greatness v. FEC, 831 F.3d 500, 508-09 (D.C. Cir. 2016)(if a law, by its terms, discriminates based on content, court applies strict scrutiny "regardless of the government's benign motive, content-neutral justification, or lack of 'animus toward the ideas contained' in the regulated speech." (quoting Reed)).

The question of whether a statute is content-based is a question of law. Id.

Presumably, although the same definitional section applies to each of the three sections and the test for whether it is a content-based regulation of speech applies equally to each of the

three sections, the justification for each of the three sections under the "strict scrutiny" analysis is different. So, unless the District is willing to concede that the "strict scrutiny" analysis for "panhandling in a Metro Station" is the same analysis for "aggressive panhandling" and "panhandling from a vehicle in a motor way," then resolution of whether the justification for "panhandling in a Metro Station" satisfies strict scrutiny will not resolve the issue of whether the justification for "aggressive panhandling" whether the justification for "panhandling in a motor way" satisfies strict scrutiny.

This case is different from Burke for several other reasons:

(1) It is not clear whether this Court will resolve the preliminary injunction in Burke on the basis of the panhandling statute given that the McFarlin Court interpreted the "panhandling in a Metro Station" provision to apply only inside of the McFarlin Zones, and Mr. Burke panhandles only outside of the McFarlin Zones. Mr. Burke also alleged that WMATA's arrests of Mr. Burke violated his First Amendment rights apart from the panhandling statute, Complaint [1], Claim 2, and the Court may resolve the motion on the basis of whether WMATA's Use Regulations violate the First Amendment;

(2) In Burke WMATA challenged almost every element of Mr. Burke's claim, For example, WMATA challenged whether the First Amendment even applies to panhandling, Opposition [10], p. 16 *et seq.* (ECF pagination), and WMATA challenged whether the above ground areas of the Smithsonian and L'Enfant Plaza Metro Stations are public forums under WMATA's new Use Regulations, *Id.* at 20. In contrast, the District has conceded from the start of this case that panhandling is protected First Amendment speech, *see e.g.*, Motion to dismiss 5th Am. Cmpl., [63] p. 15 (ECF pagination), and the District has always conceded that "aggressive panhandling" and "panhandling from a car in the motorway" take place in public forums, *Id.* at 17 (Sections 22-2302(a) (aggressive panhandling) and (d) (panhandling from a vehicle in a motor way) apply to public forums). There's no reason for this case to trail Burke on the applicability of the First Amendment since the District has conceded the issue. Similarly, there is no reason for this case to trail Burke since the District conceded that "aggressive panhandling" and "panhandling from a car in the motorway" take place in public forums, and this issue not part of the case in Burke.

(3) WMATA challenges whether the McFarlin Court's interpretation applies to it, Opposition [1], p. 24 n. 9, whereas the District aggressively relies on McFarlin, Motion [63] at 16. Therefore there is no reason for this case to trail Burke while the applicability of McFarlin to WMATA gets sorted.

Finally, even if this Court rules in favor of Mr. Burke and WMATA appeals, the pendency of that appeal would not automatically justify a stay of the litigation in Burke.

These two cases are related cases and Mr. Burke plans to file a motion for summary judgment in Burke on the sole issue of whether as a matter of law the definitional section of the panhandling is content-based perhaps at the same time as Plaintiffs file their motion for partial summary judgment in Brown. Plaintiffs submit that a better plan is to coordinate the two motions for partial summary judgment on the single issue that is dispositive in both cases rather than letting Brown trail Burke, because Burke raises so many issues which are not disputed issues in Brown.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| /s/ William Claiborne<br>WILLIAM CLAIBORNE<br>D.C. Bar # 446579<br><br>Counsel for plaintiff<br><br>ClaiborneLaw<br>717 D Street, N.W<br>Suite 300<br>Washington, DC 20004<br>Phone 202/824-0700<br>Email claibornelaw@gmail.com | /s/ Michael Bruckheim<br>Michael Bruckheim<br>D.C. Bar # 455192<br>Counsel for plaintiff<br><br>**Bruckheim & Patel, LLC**<br>401 E Jefferson St #201b<br>Rockville, MD 20850<br>(ph) 240-753-8222<br>(fax) 240-556-0300 (e-mail)<br>michael@brucklaw.com;<br>mpbruckesq@aol.com<br>www.brucklaw.com |