UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELBERT BROWN, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> GOVERNMENT OF THE DISTRICT OF COLUMBIA, <br><br> *Defendant*. | Civil Action No. 15-1380 (KBJ) |

<u>DEFENDANT'S OPPOSITION TO
PLAINTIFFS' MOTION TO VACATE STAY</u>

INTRODUCTION

This case has been stayed since July 26, 2019, initially to allow the Parties to engage in settlement discussions. On January 2, 2020, the District of Columbia (the District) sought an extension of the stay pending resolution of the motion for preliminary injunction (PI) in *Burke v. Wiedefeld*, Civil Action No. 19-3145, which concerns one provision of the District's Panhandling Control Act, D.C. Code §§ 22-2301 to 22-2306 (the Panhandling Act), the same statute at issue in this case. The Court's stay has remained in place ever since.

On November 24, 2020, plaintiffs moved to vacate the stay, arguing that the "first-filed rule" should apply, that the District has failed to meet its burden of showing a clear case of hardship or inequity if this case moves forward, and that the District has failed to establish that continuing the stay would conserve judicial resources. Plaintiffs are incorrect. The first-filed rule does not apply here because

plaintiffs and the District are not parties in *Burke*, and lifting the stay prematurely would not promote judicial economy or preserve the Parties' resources. On November 30, 2020, the Court denied the PI motion in *Burke*, but noted that it would explain its reasoning orally at a hearing on December 9, 2020. *See Burke*, Nov. 30, 2020 Order [20]. The Court should continue to exercise its sound discretion and leave the stay in place until 30 days after the Court provides its full oral ruling on the PI motion in *Burke.* The Court should disregard plaintiffs' proposed schedule for further proceedings, and allow the Parties sufficient time to meet and confer.[1] Plaintiffs' motion should be denied.

## BACKGROUND

On July 26, 2019, the Parties filed a consent motion to stay litigation [75] to allow settlement discussions. The same day, the Court granted a stay until further order of the Court and ordered the Parties to file a joint status report by September 24, 2019, providing a proposed schedule for further proceedings. *See* July 26, 2019 Minute Order.

The Parties filed a joint status report on September 24, 2019 [76], requesting an additional stay until January 2, 2020, as the Parties continued to explore a possible resolution. On September 26, 2019, the Court ordered the Parties to file a further joint status report by January 2, 2020. *See* Sept. 26, 2019 Minute Order.

---

[1] If the Court is inclined to vacate the stay, it should allow the Parties reasonable time to meet and confer about discovery and any further dispositive motions briefing, and to submit a proposed schedule for further proceedings.

On October 21, 2019, the plaintiff in *Burke v. Wiedefeld*, Civil Action No. 19-3145, filed a motion for preliminary injunction concerning the Washington Metropolitan Area Transit Authority's (WMATA's) enforcement of the Panhandling Act, the same statute at issue in this case. On January 2, 2020, the Parties here filed a joint status report [78], in which the District sought an extension of the stay pending resolution of the *Burke* motion for PI, and plaintiffs proposed that the Court vacate the stay and set a status conference. The Court extended the stay and ordered the Parties to file a joint status report by April 8, 2020, detailing their efforts and progress with respect to settlement and stating their positions on continuing the stay. *See* Jan. 9, 2020 Minute Order.

The Parties filed a joint status report on April 8, 2020 [80], in which plaintiffs asked the Court to lift the stay, and the District requested that the stay remain in place pending resolution of the PI motion in *Burke*, citing also the potential effects of the COVID-19 pandemic on discovery. On November 24, 2020, plaintiffs moved to vacate the stay. *See* Pls.' Mot. to Vacate Stay (Motion) [82]. On November 30, 2020, the Court denied the PI motion in *Burke*, and stated that it would explain its reasoning at a hearing scheduled for December 9, 2020. *See Burke*, Nov. 30, 2020 Order [20].

## LEGAL STANDARD

Courts have broad discretion in granting stays so as to "coordinate the business of the court efficiently and sensibly." *Landis v. N. Am. Co.*, 229 U.S. 248, 255 (1936). Among other things, this discretion permits a court "to stay all proceedings in

an action pending the resolution of independent proceedings elsewhere." *Marsh v. Johnson*, 263 F. Supp. 2d 49, 52 (D.D.C. 2003) (citing *Landis*, 229 U.S. at 254); *see also Nat'l Shopmen Pension Fund v. Folger Adam Sec., Inc.*, Civil Action No. 01-01808 (RMU), 2002 U.S. Dist. LEXIS 3079, at *5-6 (Feb. 11, 2002 D.D.C. 2002) ("'[A] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.'" (citation omitted)). The court must "'weigh competing interests and maintain an even balance' between the court's interests in judicial economy and any possible hardship to the parties." *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732 (D.C. Cir. 2012) (citations omitted) (quoting *Landis*, 299 U.S. at 254–55).

## ARGUMENT

### I.  The Court Should Exercise Its Discretion and Leave the Stay in Place.

The Court should exercise its discretion and leave the stay in place until 30 days after the Court provides its reasoning on the motion for a PI in *Burke*, and the Court should then order the Parties to file a joint status report proposing a schedule for further proceedings. Doing so will ensure the Parties are fully apprised of any ruling relevant to the constitutionality of the Panhandling Act. *Landis*, 299 U.S at 255 (holding that the court has an inherent authority to "control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants"). The Court's resolution of the *Burke* motion (and any potential appeal) may affect the posture of this case by clarifying the issues that need to be litigated and

4

informing the Parties' positions on further settlement negotiations. As such, judicial economy favors maintaining the stay to avoid potentially duplicative proceedings. *Estate of Gaither v. District of Columbia*, Civil Action No. 03-1458 (CKK), 2005 U.S. Dist. LEXIS 35426, at *15 (Dec. 2, 2005 D.D.C.) ("[T]he Court has an interest in preventing … litigation that may … hamper judicial economy.").

First, plaintiffs assert that this case should proceed because it was filed before *Burke*. Motion at 4-5. Plaintiffs attempt to invoke the so-called "first-filed rule," which holds that "where two cases between the same parties on the same cause of action are commenced in two different Federal courts, the one which is commenced first is to be allowed to proceed to its conclusion first." *Washington Metro. Area Transit Auth. v. Ragonese*, 617 F.2d 828, 830 (D.C. Cir. 1980). While the same cause of action—a First Amendment violation—is alleged in both cases, the "first-filed" rule does not apply here because *Burke* and this case are not "between the same parties," and the cases were not "commenced in two different Federal courts." *See Ragonese*, 617 F.2d at 830.

Second, plaintiffs contend that the District has failed to "[meet] its burden of showing a clear case of hardship or inequity if this case moves forward." Motion at 4. But the Court already granted a stay over plaintiffs' objection after the District argued that resolution of the PI motion in *Burke* was necessary to inform further proceedings here. *See* Jan. 2, 2020 Joint Status Report; Minute Order of Jan. 9, 2020. Without knowing the Court's rationale for denying the *Burke* PI motion, the District's justification remains the same. Plaintiffs' reliance on *Nat'l Indus. for the Blind v.*

*Dep't of Veterans Affairs*, 296 F. Supp. 3d 131 (D.D.C. 2017), is misplaced. There, the Court rejected the defendants' argument that the possibility of inconsistent judgments was a hardship because defendants failed to explain *how* or *why* inconsistent judgments from courts in different jurisdictions should be considered inherently problematic to the government. *Nat'l Indus. for the Blind*, 296 F. Supp. 3d at 141-42. But here, both cases at issue are before this Court, and the risk is not just one of inconsistent judgments but the need to promote judicial economy and preserve the Parties' resources in general, as the Parties await the Court's reasoning on its denial of the PI motion in *Burke*.

Third, again relying on *Nat'l Indus. for the Blind*, plaintiffs argue that continuing the stay would not conserve judicial resources because "there is no need to trail the *Burke* case" and the panhandling statute is still being enforced. Motion at 4-5. That argument is unavailing. In *Nat'l Indus. for the Blind*, the Court concluded that considerations of judicial economy did not require a stay because "there [was] considerable uncertainty regarding whether or not the Federal Circuit [would] actually reach the legal issue that [was] common to [the cases at issue]" but even if it did, "the appeal that [was] pending [was] unlikely to resolve all of the issues that Plaintiffs raise[d] in the instant consolidated matters, primarily because [the other case] involve[d] an entirely different cause of action." *Id.* at 142-43. These concerns are not applicable here. The full resolution of the motion for PI in *Burke* may address the legal issue common to these cases: the constitutionality of the panhandling

6

statute—which involve the same cause of action and the same statute. There is a clear need "to trail" the *Burke* motion to avoid duplicative proceedings.

## II. If the Court Lifts the Stay, Plaintiffs' Proposed Schedule Should Be Disregarded.

To the extent the Court determines not to maintain the stay in this litigation, the schedule proposed by plaintiffs is impractical and inefficient for the following reasons. First, it would be impractical for the Court to consider summary judgment on a non-dispositive issue; determining whether the panhandling statute is a content-based restriction on speech would not resolve the constitutionality of the statute. As such, any briefing on summary judgment should encompass all issues related to the constitutionality of the statute. Second, the Parties have not yet discussed whether the Court should first resolve the constitutionality of the panhandling statute on summary judgment before considering issues of class certification (issues that would be rendered moot if the Court finds the statute constitutional). Additionally, in light of the ongoing coronavirus pandemic, the scope and nature of any discovery in this case could be greatly affected. As such, if the Court decides to lift the stay, it should provide the Parties with a reasonable time in which to meet and confer and to submit a proposed schedule to the Court.

## CONCLUSION

For the foregoing reasons, the Court should deny plaintiffs' motion to vacate the stay.

Dated: December 8, 2020.  Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

TONI MICHELLE JACKSON
Deputy Attorney General
Public Interest Division

*/s/ Fernando Amarillas*
FERNANDO AMARILLAS [974858]
Chief, Equity Section

*/s/ Shani C. Brown*
SHANI C. BROWN [1617726]
MICAH BLUMING [1618961]
Assistant Attorneys General
400 Sixth Street, N.W., Suite 10100
Washington, D.C. 20001
(202) 727-6606
(202) 741-0554 (fax)
shani.brown@dc.gov
micah.bluming@dc.gov

*Counsel for Defendant*